## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**RAYONNA MILLER,**

                **Plaintiff,**

        **v.**                                                              **Case No. 1:17-cv-00389-RBW**

**DOWNTOWN D.C. BUSINESS**
**IMPROVEMENT DISTRICT,**

                **Defendant.**

---

### DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED WITH PREJUDICE

        In accordance with Rule 41(b) of the Federal Rules of Civil Procedure, and for the reasons set forth below, Defendant Downtown BID Services Corporation, incorrectly identified in the Complaint as Downtown D.C. Business Improvement District ("Defendant"), through the undersigned counsel, hereby moves the Court to enter an order directing Plaintiff Rayonna Miller to show why this case should not be dismissed with prejudice.   In support of this Motion, Defendant states:

        1.      On January 31, 2017, Rayonna Miller filed a *pro se* complaint alleging that Defendant wrongfully terminated her employment on September 13, 2016 in retaliation for filing a sexual harassment charge with the EEOC on August 28, 2105.  (Complaint attached to Doc. 1 as Exhibit "A").

        2.      Although Ms. Miller does not expressly identify the statutory basis for her claim, her Complaint alludes to the fact that in October 2016 she received a Notice of Right to Sue from the EEOC.  *Id.*  On this basis, Defendant presumes that Ms. Miller is seeking to assert a claim for

retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000e *et seq*. ("Title VII").

3.      Pursuant to LCvR 7(m), on March 7, 2017, counsel for Defendant, Ebony Reid, contacted Ms. Miller by telephone to confirm that she intended to assert a claim for retaliatory discharge under Title VII.  Ms. Miller declined to confirm that this was her intent.  Ms. Miller expressed that she intends to oppose Defendant's Motion for More Definite Statement.

4.      On March 10, 2017, Defendant filed and served Ms. Miller with its Motion for More Definite Statement, requesting that the Court enter an order directing Ms. Miller to file an Amended Complaint that clearly indicates whether she is seeking to assert a claim against Defendant under Title VII.  (Doc. 6).

5.      Under Federal Rule of Civil Procedure 6 and LCvR 7(b), the deadline for Ms. Miller's memorandum of points and authorities in opposition to Defendant's Motion for More Definite Statement was March 27, 2017.  Said deadline passed, and Ms. Miller neither filed a memorandum in opposition nor sought an enlargement of time to file such a memorandum.

6.      On March 31, 2017, Defendant filed its Reply in Support of Defendant's Motion for More Definite Statement, requesting that the Court grant its unopposed Motion for More Definite Statement and requires Plaintiff to file an Amended Complaint clearly setting forth the legal and factual basis for her claim.  (Doc. 8)

7.      On April 3, 3017, the Court granted Defendant's Motion for More Definite Statement and ordered Ms. Miller to file an Amended Complaint that clearly identifies the statutory and any other basis for her claim against Defendant by April 24, 2017.  (Doc. 10) Nearly two months have passed since the Court ordered Ms. Miller to file a more definite

statement of her claim, and she has neither filed an Amended Complaint nor sought an enlargement of time to file such an Amended Complaint.  Accordingly, she has failed to comply with the Court's Order.

8.      Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Court of Appeals has acknowledged that "if district court judges are to discharge their heavy case processing responsibilities effectively, 'their power to dismiss…must be more than theoretical.'"  *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

9.      "In determining whether a dismissal is warranted, the court considers 'the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system.'"  *Mohebbi v. Concentric Methods*, 2015 WL 6153957, *1 (D.D.C. Oct. 19, 2015) (citing *Bristol Petroleum Corp.* 901 F.2d at 167).  These factors all support dismissal with prejudice of Ms. Miller's case.

10.     Ms. Miller has taken absolutely no action to prosecute her case since filing her two-page handwritten Complaint in Superior Court on January 31, 2017.  She did not respond to Defendant's Motion for More Definite Statement, and she ignored the Court's order to file an Amended Complaint.  Her conduct has needlessly expended the resources of this Court, as adjudication of this case cannot progress without such a pleading.

11.     Further, Ms. Miller's refusal to comply with this Court's order has prejudiced Defendant by requiring it to engage in unnecessary motions practice and delaying the adjudication of the case on the merits.  Defendant moved for a more definite statement of

3

Ms. Miller's claims so that it could file a responsive pleading and move ahead with discovery. Instead, Ms. Miller's failure to prosecute her claims has stymied Defendant's ability to defend this case, as the statutory basis for Ms. Miller's claims remains unclear.

12. For the foregoing reasons, Defendant requests that the Court enter an order requiring Ms. Miller to show why this case should not be dismissed with prejudice for want of prosecution. *See generally Watts v. Pension Benefit Guaranty Corp.*, 2013 WL 2558225, at *1 (D.D.C. June 11, 2013) (dismissing action where "plaintiff has failed to appear in the case either *pro se* or through counsel, though plaintiff is aware of the pending action and has been warned twice by the Court that her failure to appear in the case or respond to the [defendant's] motion to dismiss would result in dismissal of her case").

WHEREFORE, for the reasons stated above, Defendant respectfully requests that the Court grant this Motion and enter an order in substantially the same form as the proposed order submitted herewith, requiring Plaintiff to show cause why her case should not be dismissed with prejudice.

Date:  June 2, 2017                                    Respectfully submitted,

                                                       OGLETREE, DEAKINS, NASH,
                                                         SMOAK & STEWART, P.C.

                                                         */s/ Christopher E. Humber*
                                                       Christopher E. Humber, DC Bar No. 462447
                                                       Ebony Reid Douglas, *Pro Hac Vice*
                                                       1909 K Street, N.W., Suite 1000
                                                       Washington, D. C.  20006
                                                       Tel:  (202) 887-0855
                                                       Fax:  (202) 887-0866
                                                       christopher.humber@ogletreedeakins.com
                                                       ebony.reid@ogletreedeakins.com

                                                       *Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 2nd day of June, 2017, I caused a true and correct copy of the foregoing to be filed via the Clerk of the Court using the electronic filing system, and to be served on Plaintiff Rayonna Miller by U.S. Mail, First Class, as follows:

Rayonna Miller, pro se
4409 F Street, S.E.
Washington, DC 20019


     */s/ Christopher E. Humber*