UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYONNA MILLER,**<br><br>  Plaintiff,<br><br>  v.<br><br>**DOWNTOWN D.C. BUSINESS IMPROVEMENT DISTRICT,**<br><br>  Defendant. | Case No. 1:17-cv-00389-RBW |

## NOTICE THAT PLAINTIFF HAS NOT OPPOSED DEFENDANT'S MOTION TO DISMISS

Defendant Downtown BID Services Corporation, incorrectly identified in the Complaint as Downtown D.C. Business Improvement District ("Defendant"), through the undersigned counsel, hereby notifies the Court that Plaintiff Rayonna Miller has failed to respond to its motion to dismiss filed on July 31, 2017, and that motion consequently should be treated as unopposed.

1. On January 31, 2017, Rayonna Miller filed a *pro se* complaint alleging that Defendant wrongfully terminated her employment on September 13, 2016 in retaliation for filing a sexual harassment charge with the EEOC on August 28, 2105.  (Complaint attached to Doc. 1 as Exhibit "A").

2. On March 10, 2017, Defendant filed and served Ms. Miller with its Motion for More Definite Statement, requesting that the Court enter an order directing Ms. Miller to file an Amended Complaint that clearly indicates whether she is seeking to assert a claim against Defendant under Title VII.  (Doc. 6).  Ms. Miller did not oppose that motion, despite having informed counsel for Defendant that she planned to do so.  Consequently, the Court granted

Defendant's Motion for More Definite Statement and ordered Ms. Miller to file an Amended Complaint that clearly identifies the statutory and any other basis for her claim against Defendant by April 24, 2017.  (Doc. 10)  Ms. Miller never filed an Amended Complaint in compliance with the Court's order.

      3.      On June 2, 2017, Defendant moved for an order requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  The Court granted that motion and ordered Plaintiff to respond by June 23, 2017.

      4.      Ms. Miller then submitted several miscellaneous documents to the Court, which the Clerk apparently received on June 23, 2017.  It is unclear whether Ms. Miller intended these documents to constitute an Amended Complaint.  She did not sign the submission or serve a copy of it on counsel for Defendant. She did not organize it into the form of an Amended Complaint as required by the Court's order of April 3, 2017, and she offered no explanation of her failure to comply with that order.

      5.      The Court nevertheless concluded that Ms. Miller had discharged her obligation to show cause why her case should not be dismissed for failure to prosecute, and it ordered Defendant to respond to Ms. Miller's Complaint by July 31, 2017.

      6.      Defendant filed its motion to dismiss Ms. Miller's complaint on July 31, 2017. (Doc. 13).  The Court ultimately entered a minute order requiring Ms. Miller to file her opposition to the motion to dismiss by September 14, 2017, and requiring Defendant to file its reply by September 21, 2017.

      7.      As of September 21, 2017, Ms. Miller has not served counsel for Defendant with any opposition to the motion to dismiss, and no opposition has been posted on the case docket.

On September 20, 2017, the Clerk's office informed the undersigned counsel for Defendant that no opposition papers had been filed.

8.    The record reflects that this Court has been extraordinarily generous with Ms. Miller despite her repeated failure to comply with Court-ordered deadlines.  Although Ms. Miller is *pro se*, this cannot serve as a cure-all for her failure to follow the procedures and orders of this Court.  See *Brooks v. Goodwill of Greater Washington*, 2015 WL 1345837, *1 (D.D.C. March 25, 2015) ("The fact that [Ms. Miller] is a *pro se* plaintiff who filed this action without the assistance of a lawyer is immaterial.")  (citing *Sturdza v. United Arab Emirates,* 658 F. Supp. 2d 135, 137 (D.D.C. 2009)) (*pro se* status does not give a plaintiff "a license to ignore" the rules applicable in federal court)).

WHEREFORE, for the reasons stated above, Defendant respectfully requests that its motion to dismiss Plaintiff's Complaint with prejudice be treated as unopposed.

Date:  September 21, 2017

                Respectfully submitted,

                OGLETREE, DEAKINS, NASH,
                  SMOAK & STEWART, P.C.

                */s/ Christopher E. Humber*
                Christopher E. Humber, DC Bar No. 462447
                Ebony Reid Douglas, *Pro Hac Vice*
                1909 K Street, N.W., Suite 1000
                Washington, D. C.  20006
                Tel:  (202) 887-0855
                Fax:  (202) 887-0866
                christopher.humber@ogletreedeakins.com
                ebony.reid@ogletreedeakins.com

                *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this September 21, 2017, I caused a true and correct copy of the foregoing to be filed via the Clerk of the Court using the electronic filing system, and to be served on Plaintiff Rayonna Miller by U.S. Mail, First Class, as follows:

>Rayonna Miller, pro se
>4409 F Street, S.E.
>Washington, DC 20019

                                              */s/ Christopher E. Humber*

31291347.1