Rayonna Miller

Vs.

Downtown BID Services

Corporation

Civil Action No 17-389(RBW)

CLERK
US DISTRICT &
BANKRUPTCY COURTS

2017 SEP 15 P 8:02

RECEIVED

RECEIVED
SEP 22 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Response to Defendant's Motion to Dismiss with Prejudice

Plaintiff respectfully asks the courts to deny the defendants motion to dismiss with prejudice. In support of this motion plaintiff states:

Due to termination 3/13/2016, I have been experiencing financial hardship, where I had to seek a new source of income to support and provide for my son, also maintain my personal life. This has caused a major setback. Physically mentally and emotionally it has put me at a disadvantage.

On October 8, 2016, I began classes with American Security Programs, In pursuit of a new source of income, with the hopes of being a part of the Federal Protective Services (FPS) Contract. I was under the impression that I had 90 business days instead of 90 calendar day to file my claim. I have been actively seeking for an attorney who can assist me in this case. While I was taking my course on my spare time I reached out to a few lawyer and different free organizations that specialized in employment law. Unfortunate due to the circumstances mentioned above I was unable to achieve employment yet along an attorney who would represent me in this matter.

While attending classes with American Security Programs my travel commute from Washington DC to Reston VA via metro (train) was time consuming. I was not able to give 100 percent towards my court case. Not to mention I had to obtain childcare for my son while I attended class, this was an estimated time of 2.5-3 hours from training to my son. Which was a direct result of me not having enough time to prepare a motion in response to the defendant motion? I completed my last training December 9, 2016. Holidays, New school, year were approaching I was mentally frustrated and worried about how I was going to be able to obtain an income in such a short period of time.

June 23, 2017, I submitted a few documents to the courts in response to the defendant motion for more definite statement. I intended for the documents submitted to constitute as an amended complaint under Title VII. I did not sign the submission or serve a copy of it on counsel for the defendant because I was not unaware of the procedure of filing an amended complaint nor did I know how to correctly format it. It was not intentionally done on my behalf.

I respectfully ask the court to grant favor on my behalf, with consideration of the reasons stated above and also due to the false allegations upon termination. Which lead me to believe I was retaliated against for filing an complaint with the EEOC.

Civil Action No 17-389(RBW)

On September 28, 2016 I met with Albert Neil (CEO) of the company and Eileen Andary (HR) regarding my termination. I was offered a settlement of 0 dollars, a reclassification of separation, and a neutral reference. I declined the offered because I was retaliated against for filing a complaint with the EEOC.

Rayonna Miller
4409 F ST. SE
Washington DC 20019

RECEIVED 2017 SEP 15 P 8: 05 CLERK US DISTRICT & BANKRUPTCY COURTS

SEP 18 2017

*[handwritten margin note: Present During termination]*

September 13, 2016

To: Rayonna Miller

From: David Pollard, Deputy Director of Operations

Re: Termination

Cc: Eileen Andary; Chief Administrative Officer

CLERK
US DISTRICT &
BANKRUPTCY COURTS
2017 SEP 15 P 8:03
RECEIVED

Ms Miller, on Friday evening September 9th, 2016 supervisor Michael Creed held an on-duty team meeting at which you and others were present. In the meeting, he distributed a packet of routine forms and procedures, and instructed all present to complete the forms and acknowledge receipt of the procedures by signing them.

You repeatedly stated your refusal to complete or acknowledge any of the paperwork, and argued extensively with Mr. Creed about various aspects of it. In addition, in the presence of Mr. Creed and another supervisor, you addressed your teammates directly and repeatedly, telling them publicly not to comply with the supervisor's instructions. You were disruptive and making vocal accusations such as "he's setting you up" and "they've got you fucked up...don't do it, don't sign." This level of insubordination, disruption, and refusal to comply with reasonable instructions is unacceptable in the workplace.

On July 27th, 2016 you had received a memo from Chief Administrative Officer Eileen Andary that referenced a similar incident with another supervisor, and warned in writing that any additional such violation would make you subject to disciplinary action, up to and including termination.

Just two days before Friday's incident, on September 7, 2016, Ms. Andary and I met with you in person to discuss a series of other recent negative, inappropriate written comments and interactions initiated by you. We warned you clearly and directly in that meeting that no further such behavior would be tolerated.

Your employment with this organization is therefore terminated, effective immediately.

*[handwritten response:]* Mr Creed did not held a team meeting he gave up our packet individually there was an Open discusion about the papers that was in the packet. Mr Creed was not present during the discussion. I did not refuse any paperwork I actually asked him if he could change the date because the packet was dated for july. I did not argue with any one nor did I head a discussion. I did not curse at anyone. these statement and accusations are lies by the company. Also I would to follow op!

Received by: Rayonna Miller    date: 9/13/16

SEP 18 2017

Rayonna Miller

On September 9, 2016 I was working a 11:30-8pm shift for (Downtown DC BID). Around 7:10pm My supervisor (Michael Creed) called me back to the office along with 3 other employees' (David Hall, Rayshawn Boseman, Vernon Richardson) to update our contact information. Upon my arrival, my supervisor Michael Creed informed me and my other co-workers to go upstairs in the breakroom and he will bring the papers upstairs. He gave me my packet with my name on it and I begin to read it because it was more than a contact information update. As I was looking through the packet I noticed that it was a policy and procedure paper attached to the packet that was dated for July 16, 2016. I informed my supervisor that the date on my paper was dated for July 16 and today is the 9th of September I was just being informed about the new changes and being provided to me that day. I asked him if he could fix the date so that I can sign. Mr. Creed went downstairs and informed me that he is aware of the paper and that I can speak with the deputy director David Pollard that following Tuesday after I sign the document. I mentioned to the supervisor that I didn't feel comfortable signing the document due to the incorrect date and I would like to speak with Mr. Pollard to get more clarification before I sign. Mr. Creed stated ok and collected my packet. Once I gave him my packet the three other individuals decided not to sign the packet because they had the same concerns. The next two following day's I was allowed to work and no one said anything to me regarding the papers nor was I suspended.  That Monday I was I was off, Tuesday September 13, 2016 I arrived to work as normal on time I didn't hear anything regarding the papers. Mr. Creed gave me my assignment and I reported to 12&F Street post. That evening I was terminated around or about 5:15pm. The employee stated that I was encourage my co-workers to follow my lead and not to sign the documents and insubordination. I didn't encourage anyone to follow my lead. They express their own concerns with the supervisor. The three individual also testified in the administrative court on my behalf verifying what happen, the also sign and certified letters on my behalf. On December, the 9th Judge James C. Harmon, Jr. gave his final order and ruled in my favor. He stated that the employer has not presented sufficient evidence to demonstrate that I committed a disqualifying rule violation or engage in "gross insubordination" or disruptive behavior at the work place on 9/9/16. He also mentioned that the employer presented no evidence that I refused to obey any order issued by a superior as it related directly to performing my duties. He mentioned with respect to signing the forms that Mr. Creed had given me and my coworkers, he finds that I had the right to question an incorrect date on the form related to policies and procedures prior to signing all the forms and indeed the coworkers had the same concern as well.

RECEIVED

2017 SEP 15  P 8:05

BANKRUPTCY COURTS
US DISTRICT &
CLERK

Case No.: 2016-DOES-01814

The District of Columbia Court of Appeals ("Court of Appeals") has held that a finding of either gross misconduct or simple misconduct requires proof that Claimant's acts were intentional.[16]

If the basis for disqualification from benefits under D.C. Official Code § 51-110(b) is a violation of the employer's rules, the following criteria must be met to uphold the disqualification:

> (a) That the existence of the employer's rule was known to the employee;
> (b) That the employer's rule is reasonable; and
> (c) That the employer's rule is consistently enforced by the employer.

7 DCMR 312.7; *Hegwood v. Chinatown CVS, Inc.*, 954 A.2d 410, 412 (D.C. 2008); *Jones v. D.C. Dep't of Emp't Servs.*, 558 A.2d 341, 342-43 (D.C. 1989).

In this case, Employer presented evidence to demonstrate that it has a policy which provides that an employee may be disciplined, up to and including, being discharged for engaging in "[g]ross insubordination, or refusal to perform reasonable duties as directed." *See* Exhibit 100. Claimant was aware of the policy, as she acknowledged receiving the Employee Handbook which contains the policy on July 8, 2015. *Id.* The policy is reasonable, as required by 7 DCMR 314.7 (a), and is consistently enforced by Employer, as required by 7 DCMR 314.7 (c).

Here, however, Employer has not presented sufficient evidence to demonstrate that Claimant committed a disqualifying rule violation or engaged in "gross insubordination" or disruptive behavior at the workplace on September 9, 2016, which was the triggering event that caused Employer to fire her.

---

[16] *See Bowman-Cook v. Washington Metro. Area Transit Auth.*, 16 A.3d 130, 135 (D.C. 2011) (any holding of simple misconduct requires that "the employee *intentionally* disregarded the employer's expectations for performance.") (emphasis in original)); *Capitol Entm't Servs. v. McCormick*, 25 A.3d 19, 26 (D.C. 2011) ("intentionality or conscious disregard amounting to recklessness is implicit in the examples of misconduct" in the DOES regulations).

In this jurisdiction, the term insubordination means the refusal to obey some order which a superior is entitled to give and entitled to have obeyed.[17] Insubordination is a specific example of gross misconduct under the Act and its governing regulations.[18]

Here, Employer presented no evidence that Claimant refused to obey any order issued by a superior as it related directly to performing her duties as a Safety and Hospitality Worker. With respect to signing the forms that Mr. Creed had given Claimant and her co-workers, I find that Claimant had a right to question an incorrect date on the form relating to policies and procedures prior to signing all of the forms in the packet. Indeed, Claimant's co-workers had the same concerns about signing the forms. Further, Employer presented no evidence that Claimant indicated that she would never sign the documents. Accordingly, I do not find that Claimant engaged in insubordination, as that term is used in the context of the Act and its governing rules and regulations. Further, I note that the evidence shows that on Monday, September 12, 2016, Claimant's co-workers Rayshawn Boseman and Vernon Richardson, Jr. met with Deputy Director of Operations Mr. Pollard to discuss why they had not signed the forms. The evidence further shows that after meeting with Mr. Pollard, Claimant's co-workers signed the forms. However, the very next day, September 13, 2016, Claimant met with Mr. Pollard and Safety Supervisor Michael Creed, and was fired for, among other things, not signing the forms.

Lastly, in this case, Employer relied on a written statement from Maintenance Supervisor Ethel Frye stating, among other things, that she overheard Claimant telling her co-workers not to sign forms that Mr. Creed had given them and also using profanity. However, Claimant testified credibly at the hearing that she did not advise any of her co-workers not to sign the documents that Mr. Creed had provided them. Further, Claimant's co-workers also testified credibly at the hearing that Claimant did not advise them not to sign the paperwork, and that they did not hear Claimant use any profanity while discussing whether or not to sign the forms provided to them by Mr. Creed.

---

[17] See Raphael v Okyiri, 740 A.2d 935, 946 (D.C. 1999); See Phillips v. General Services Admin., 878 F.2d 370, 373 (Fed. Cir 1989) ("Insubordination by an employee is a willful and intentional refusal to obey an authorized order of a superior . . . which the [superior] is entitled to have obeyed").

[18] 7 DCMR 312.4(f).

2017 SEP 15 P 8:05

BANKRUPTCY COURTS
& US DISTRICT &
CLERK

Employer has not presented evidence to show that Claimant willfully, deliberately, or intentionally disregarded Employer's rules, its interests, or expectations for this administrative court to find that Claimant committed an act or acts that constituted either work-related "gross" or "simple" misconduct.[19] Further, Employer has not presented evidence to show that Claimant's behavior on September 9, 2016, seriously or adversely impacted its business operations or adversely affected a material interest.[20]

In concluding that Employer has failed to present sufficient evidence to prove that Claimant committed disqualifying misconduct, I am mindful that the Act is a remedial statute that should be construed liberally, whenever appropriate, to accomplish the legislative objective of minimizing the economic burden of unemployment.[21]

Employer's decision to fire Claimant might have been appropriate as a business matter, but "[t]he fact that an employee's discharge appears reasonable from the employer's perspective does not necessarily mean that the employee engaged in misconduct."[22]

Because Employer has not met its burden of proving by a preponderance of the evidence that Claimant committed either gross misconduct or simple misconduct, the Claims Examiner's Determination is affirmed. D.C. Official Code §§ 51-110(b) and 51-111(e). Claimant remains qualified to receive benefits.

## V. ORDER

Based upon the foregoing and the record in this matter, it is:

---

[19] See *Hamilton v. Hojeij Branded Food, Inc.*, 41 A.3d 464, 476 (D.C. 2012); see also *Bowman-Cook*, 16 A.3d at 135 ("implicit in [the] definition of misconduct is that the employee *intentionally* disregarded the employer's expectations for performance.") (emphasis original, quoting *Washington Times v D.C. Dep't of Emp't Servs.*, 724 A.2d 1212, 1217–18 (D.C. 1999)); and *Capitol Entm't Servs., Inc.*, at 27 ("[A]n employee's ordinary negligence in failing to perform work in accordance with the employer's standards, rules, or expectations is not misconduct, gross or otherwise . . . .").
[20] See *Odeniran*, 985 A.2d at 429; 7 DCMR 312.5.
[21] See *Morris v. U.S. EPA*, 975 A.2d 176, 181 (D.C. 2009); *Green v. D.C. Dep't of Emp't Servs.*, 499 A.2d 870, 875 (D.C. 1985).
[22] See *Washington Times*, 724 A.2d 1212, 1217–18 (D.C. 1999) (citing *Cruz v. D.C. Dep't of Emp't Servs.*, 633 A.2d 66, 69 (D.C. 1993)).

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Rayonna Miller ("Miller") and the Downtown Business Improvement District Corporation ("BID"), a corporation organized and existing under the laws of the District of Columbia, with its principal office located at 1250 H Street NW, Suite 1000, Washington D.C. 20005 (collectively, the "Parties").

WHEREAS, Ms. Miller was employed by BID from on or about March 9, 2015 until her involuntary separation of employment on September 13, 2016; and

WHEREAS, Ms. Miller has requested that her involuntary separation of employment be reclassified as a voluntary resignation for purposes of BID's administrative records; and

WHEREAS, Ms. Miller filed a claim for unemployment insurance benefits in the District of Columbia following her separation of employment ("Unemployment Claim"); and

WHEREAS, Ms. Miller has filed a charge of sex discrimination and retaliation against BID with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 570-2015-01929) ("EEOC Charge"); and

WHEREAS, the Parties mutually desire to resolve all disputes between them, including any and all claims and controversies arising out of the employment relationship;

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants herein contained, the Parties hereby agree as follows:

1. **CONSIDERATION BY BID**

    a. **Agreement Not To Contest Unemployment Claim**

    BID agrees that it shall not contest Ms. Miller's Unemployment Claim.

    b. **Reclassification Of Separation As Resignation**

    BID agrees that it shall add a statement to Ms. Miller's personnel file indicating that her involuntary separation of employment shall be deemed a voluntary resignation for any and all administrative purposes.

    c. **Neutral Reference**

    Ms. Miller shall advise any potential employers requiring an employment reference or other information regarding her employment to contact Parker Roach, Human Resources Manager, 1250 H Street NW, Suite 1000, Washington, D.C. 20005 (Tel: 202-661-7577). If Mr. Roach receives a request for an employment reference regarding Ms. Miller, he shall confine his response to confirmation of Ms. Miller's dates of employment, job title, rate of pay, and work location.

1

disclosed to any other third party, including but not limited to informing such persons that the terms and conditions of this Agreement are strictly confidential and that they may not be disclosed or discussed with anyone else unless otherwise required by law.

**7.    NO ADMISSION OF WRONGDOING**

This Agreement does not constitute an admission by Ms. Miller, BID, or any Released Party of any of the matters alleged or of any violation of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by BID or the Released Parties. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

**8.    GOVERNING LAW**

This Agreement shall be governed by and conformed in accordance with the laws of the District of Columbia without regard to its conflict of laws provision.

**9.    COUNTERPARTS**

This Agreement may be executed in counterparts and each counterpart will be deemed an original.

**10.    SEVERABILITY**

Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

**11.    BINDING EFFECT**

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, representatives, successors, transferees, and permitted assigns. This Agreement shall not be assignable by Ms. Miller.

**12.    MILLER'S UNDERSTANDING OF AGREEMENT**

Ms. Miller represents that she has carefully read this Agreement, that she has the capacity to understand this Agreement, and that she knows and understands the terms of this Agreement. Ms. Miller further represents that she executed this Agreement knowingly and voluntarily, and this Agreement was freely executed without fraud, duress or coercion and with full knowledge of its significance, effects and consequences.

CLERK
U.S. DISTRICT &
BANKRUPTCY COURTS

## 13. ENTIRE AGREEMENT

This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Ms. Miller acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with his decision to accept the terms of this Agreement, except for the representations, promises and agreements herein.

**IN WITNESS WHEREOF, the parties knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below.**

**Rayonna Miller:**

_____    DATE:_____
Rayonna Miller

**Downtown Business Improvement District Corporation:**

_____    DATE:_____
Eileen O. Andary, Chief Administrative Officer

RECEIVED

2017 SEP 15 P 3:04

CLERK
US DISTRICT &
BANKRUPTCY COURTS

**EXHIBIT A TO SETTLEMENT AGREEMENT**

CLERK
US DISTRICT &
BANKRUPTCY COURTS
2017 SEP 15 P 8:04
RECEIVED

To:    Mr. Trent McGrath
Washington Field Office
U.S. Equal Employment Opportunity Commission
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

By this letter, I wish to withdraw any and all Charges of Discrimination that I have filed against Downtown Business Improvement District Corporation ("BID") with the U.S. Equal Employment Opportunity Commission (EEOC), including without limitation the following charge:

**Charging Party Name:**    Rayonna Miller
**Respondent Name:**    Downtown Business Improvement District Corporation
**EEOC Charge No.:**    570-2015-01929

I am aware that the EEOC protects my right to file a complaint. I have been advised that it is unlawful for any person covered by Title VII of the Civil Rights Act of 1964, as amended, to threaten, intimidate or harass me because I have filed a complaint. I have not been forced to request this withdrawal.

I request the withdrawal of my charge because I have resigned my employment with BID. I have entered into a confidential settlement agreement whereunder I have agreed to resolve any and all pending disputes with BID in exchange for a neutral job reference and an agreement not to contest my District of Columbia claim for unemployment insurance benefits.

SIGNED:    _____
                  Rayonna Miller

DATE:    _____

RECEIVED
2017 SEP 15 P 8:04
BANKRUPTCY COURTS
& US DISTRICT
CLERK

To whom it may concern on 9/9/16, Rayonna Miller did not argue with our supervisor Mr. Creed. Nor did she address me or our other co-workers tell us not to comply with the supervisor instructions. She did not refuse to complete or acknowledge any of the paper work. She stated she do not feel comfortable signing something that was dated for july and its September, who do she speak with to get more clarification. These claims of being argumentative with the supervisor, disruptive, refusal to comply with instructions, and making false accusations did not happen in my presence.

David Hall

David Hall
(202) 367-0291

DISTRICT OF COLUMBIA: SS
SUBSCRIBED AND SWORN TO BEFORE ME
THIS 22 DAY OF September, 2016.

NOTARY PUBLIC
My Commission Expires 02/28/2021

To whom it may concern on 9/9/16. Rayonna Miller did not argue with our supervisor Mr. Creed. Nor did she address me or our other co-workers tell us not to comply with the supervisor instructions. She did not refuse to complete or acknowledge any of the paper work. She stated she do not feel comfortable signing something that was dated for july and its September, who do she speak with to get more clarification. These claims of being argumentative with the supervisor, disruptive, refusal to comply with instructions, and making false accusations did not happen in my presence.

*Vernon Richardson Jr.*   09/27/16

202-749-6666

District of Columbia: SS
Subscribed and Sworn to before me
this _17_ day of _Sept_ _2016_

_____
Notary Public, D.C.
My commission expires_____

**TOSHA ANN SHORT**
**DISTRICT OF COLUMBIA NOTARY PUBLIC**
**MY COMMISSION EXPIRES AUGUST 31, 2020**

To whom it may concern on 9/9/16. Rayonna Miller did not argue with our supervisor Mr. Creed. Nor did she address me or our other co-workers tell us not to comply with the supervisor instructions. She did not refuse to complete or acknowledge any of the paper work. She stated she do not feel comfortable signing something that was dated for july and its September, who do she speak with to get more clarification. These claims of being argumentative with the supervisor, disruptive, refusal to comply with instructions, and making false accusations did not happen in my presence.

*[Signature]* 9/27/16
(202) 360-5368

District of Columbia: SS
Subscribed and Sworn to before me this 27 day of Sept, 2016
_____
Notary Public, D.C.
My commission expires_____

**TOSHA ANN SHORT**
**DISTRICT OF COLUMBIA NOTARY PUBLIC**
**MY COMMISSION EXPIRES AUGUST 31, 2020**

RECEIVED 2017 SEP 15 P 8:04 CLERK US DISTRICT & BANKRUPTCY COURTS

Civil Action No: 17-389(RBW)

## Certificate of Service

I Rayonna Miller, Have mailed a copy of this motion, To Christopher E. Humber/Ebony Reid, The address this motion was mailed to 1909 K Street NW suit 1000 Washington DC 20006

Rayonna Miller

*Rayonna Miller*
409 F ST SE
Washington DC 20019

RECEIVED
2017 SEP 15 P 8:02
CLERK
US DISTRICT &
BANKRUPTCY COURTS



SEP 18 2017

# U.S. COURT OF APPEALS FOR THE D.C. CIRCUIT

## AFTER-HOURS DEPOSITORY

*Please complete the following information, date/time stamp this form and affix to each package.*

Case Number: 17-387-(RBW)

Contents:
- ☐ Briefs
- ☐ Appendices/Record Material
- ☒ Motions
- ☒ Other (Please Identify) Response to Defendant Motion to dismiss

**Note:** Emergency matters and/or sealed materials may not be placed in the filings depository.

*Please time stamp below.*

CLERK
US DISTRICT &
BANKRUPTCY COURTS
2017 SEP 15 P 8:06
RECEIVED