UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYONNA MILLER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DOWNTOWN D.C. BUSINESS IMPROVEMENT DISTRICT,**<br><br>**Defendant.** | Case No. 1:17-cv-00389-RBW |

**DEFENDANT DOWNTOWN BID SERVICES CORPORATION'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Downtown BID Services Corporation, incorrectly identified in the Complaint as Downtown D.C. Business Improvement District ("Defendant"), through the undersigned counsel, hereby submits this supplemental reply in support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint With Prejudice.[1]

**I.  Plaintiff Has Failed To Articulate Any Factual Basis For Equitable Tolling The Limitations Period.**

Plaintiff argues that she should be allowed to pursue her Title VII claim for retaliatory discharge even though she did not file this lawsuit within ninety days after receiving her Notice of Right to Sue from the EEOC. In support, she contends that (1) she mistakenly thought the ninety-day limitations period referred to business days rather than calendar days, (2) she has been unable to obtain the assistance of counsel, and (3) other obligations have interfered with her

---

[1] The Court ordered Defendant to file a reply in support of its motion to dismiss by September 21, 2017. When that date arrived, Defendant filed a reply notice indicating that it had not yet received an opposition from Plaintiff and was unaware of any such filing. (Doc. 19). The following day, the Court placed Plaintiff's opposition on the docket and back-dated it to September 15, 2017. (Doc. 20). This memorandum, which Defendant has styled a supplemental reply, addresses the arguments raised in Plaintiff's opposition to its motion to dismiss.

ability "to give 100 percent toward [her] Court case." Pl.'s Resp. to Def.'s Motion to Dismiss (Doc. 20), p. 1.  None of this constitutes adequate grounds for equitably tolling the statutory limitations period applicable to Plaintiff's claim.

Although the ninety-day period for bringing a Title VII claim is subject to equitable tolling, the Court's power to toll this filing period may be exercised "'only in extraordinary and carefully circumscribed instances.'" *Dyson v. D.C.*, 710 F.3d 415, 421 (D.C. Cir. 2013) (quoting *Smith–Haynie v. D.C.,* 155 F.3d 575, 579-80 (D.C. Cir. 1998)).  "'[C]ourts have strictly construed the [ninety]-day statute of limitations in Title VII cases, even where the plaintiff is proceeding *pro se*.'" *Latson v. Sessions*, No. 1:16-cv-1488-RBW, 2017 WL 2729071, at *2 (D.D.C. Jun. 23, 2017) (quoting *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 173 (D.D.C. 2011)). Indeed, the "[p]rocedural requirements established by Congress . . . are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984) (plaintiff's filing of right-to-sue letter, rather than complaint, within Title VII limitations period was insufficient to support equitable tolling).  To gain the benefit of equitable tolling, the plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Butler v. Schapiro*, 839 F. Supp. 2d 252, 255 (D.D.C. 2012) (quoting *Bowden v. U.S.,* 106 F.3d 433, 437 (D.C. Cir. 1997) (citing *Bayer v. U.S. Dep't of the Treasury,* 956 F.2d 330, 333 (D.C. Cir. 1992), and *Jarrell v. U.S. Postal Serv.,* 753 F.2d 1088, 1091–92 (D.C. Cir. 1985))).  "A 'petitioner is entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Dyson*, 710 F.3d at 421 (quoting *Holland v. Fla.,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).  "'When a deadline is missed as a result of a garden variety claim of excusable neglect

or a simple miscalculation, equitable tolling is not justified.'" *Charles v. Brennan*, 174 F. Supp. 3d 97, 103 (D.D.C. 2016) (quoting *Menominee Indian Tribe of Wis. v. U.S.*, 764 F.3d 51, 58 (D.C. Cir. 2014) (internal marks omitted)).

Plaintiff argues that the Court should excuse the ninety-day limitations period applicable to her claim because she mistakenly thought the period was measured in business days rather than calendar days. As a threshold matter, there is reason to question the credibility of Plaintiff's assertion because it conflicts with the representations in her Complaint. The EEOC Notice of Right to Sue is dated October 7, 2016. (Doc. 13-2). If the limitations period were measured in business days, it would not have expired until at least February 10, 2017—even later if Plaintiff thought to exclude mid-week holidays from the calculation of business days. In her Complaint, however, Plaintiff states, "I believe this month (January 2017) would be the end of my 90 days." (Doc. 1-1). Consequently, Plaintiff could not have thought the limitations period expired in January 2017 unless she recognized that it was measured in calendar rather than business days.

Even if Plaintiff actually believed that the ninety-day limitations period was measured in business days rather than calendar days, that mistaken belief would be insufficient to rescue her claim. As a general rule, equitable tolling does not operate as an insurance policy against ordinary mistakes in calculating the limitations period for Title VII claims. *See, e.g., Dougherty v. Barry*, 869 F.2d 605, 612-13 (D.C. Cir. 1989) (dismissal of untimely Title VII claim was proper despite plaintiff's mistaken belief that she could not bring suit due to pending charge with local agency); *Lance v. Greyhound Lines, Inc.*, No. 16-cv-0040-RC, 2017 WL 1154958, at *4 (D.D.C. Mar. 27, 2017) (plaintiff's mistaken belief concerning deadline for acting on EEOC right-to-sue notice was insufficient to justify equitable tolling); *Foster v. Walgreen Co.*, 12 F. Supp. 3d 615, 618 (W.D.N.Y. 2014) (*pro se* plaintiff's errors in calculating the time to file her

claim do not provide grounds to extend the limitations period) (collecting cases); *Williams v. Kaztronix*, No. 13-cv-652-ES, 2014 WL 1272141, at *4 (D.N.J. Mar. 26, 2014) (*pro se* plaintiff's uncertainty about proper method for calculating ninety-day filing period was not an "extraordinary circumstance" warranting equitable tolling). *See also McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

More specifically, courts have declined to toll the Title VII limitations period for plaintiffs who mistakenly thought it was measured in business days rather than calendar days. *See, e.g., Swain v. New York Life Ins. Co.*, 979 F.2d 856, 1992 WL 337733, at *1 (9th Cir. 1992) (table) (no grounds for equitable tolling where *pro se* plaintiff mistakenly believed ninety-day limitations period was measured in business rather than calendar days); *Manley v. New York City Police Dep't*, No. 05-cv-679-FBLB, 2005 WL 2664220, at *4 (E.D.N.Y. Oct. 19, 2005) (plaintiff's mistaken assumption that ninety-day limitations period was measured in business days was insufficient to warrant equitable tolling). Plaintiff's failure to contact the EEOC for clarification about how the ninety-day limitations period was measured, rather than simply assuming it was measured in business days, indicates that she did not "act diligently to preserve her claim." *Butler*, 839 F. Supp. 2d at 255 (to obtain equitable tolling, plaintiff must establish that he or she "acted diligently to preserve [the] claim") (quoting *Wilkins v. Daley,* 49 F. Supp. 2d 1, 2 (D.D.C. 1999)).

Plaintiff has not offered any other facts sufficient to warrant equitable tolling of the limitations period applicable to her claim. Her alleged inability to retain counsel is not a sufficient basis for equitable tolling. *See Blincoe v. Boeing Co.*, 2007 WL 2778352 (W.D. Wash. Sept. 21, 2007) ("Plaintiff's argument that she was unable to find an attorney within ninety days

of the EEOC issuing the right to sue letter does not justify invocation of the doctrine of equitable tolling."); *see also James v. U.S. Postal Serv.*, 835 F.2d 1265, 1267 (8th Cir. 1988) (plaintiff's inability to find counsel and lack of familiarity with the legal process was insufficient grounds for equitable tolling); *Love v. Harsh Inv. Corp.*, 983 F.2d 1076, at *2 (9th Cir. 1993) (same); *Rodriguez v. N.Y.C. Dept. of Transp.*, 2012 WL 447101, at *2 (E.D.N.Y. Sep. 25, 2012) (same). Likewise, the possibility that Plaintiff may have been unable to give "100 percent toward [her] Court case" due to competing family and professional obligations is, at best, a "garden variety claim of excusable neglect" that cannot support equitable tolling. *See Maggio v. Wisconsin Ave. Psychiatric Ctr., Inc.*, 987 F. Supp. 2d 38, 41 (D.D.C. 2013), *aff'd*, 795 F.3d 57 (D.C. Cir. 2015) (plaintiff's family obligations were insufficient to justify equitable tolling of Title VII limitations period); *Smith-Haynie*, 155 F.3d at 579-81 (plaintiff's alleged severe depression was insufficient basis for equitable tolling). Accordingly, Plaintiff's request that the Court excuse her late-filed Complaint must be denied.

II. **Plaintiff's Failure To File A Timely Opposition To Defendant's Motion To Dismiss Is Further Evidence Of Her Lack Of Diligence.**

Plaintiff did not file a timely opposition to Defendant's motion to dismiss. On September 6, 2017, the Court entered a Minute Order requiring Plaintiff to file her opposition by September 14, 2017. The file-stamp on Plaintiff's opposition indicates that she did not file it until September 15, 2017, and she offered no explanation for the delay. In this course of this litigation, Plaintiff has demonstrated familiarity with the procedures for requesting additional time from the Court and seeking Defendant's consent to an extension, but she did neither in this instance. In fact, counsel for Defendant were unaware of her filing until the Clerk's office

placed it on the docket on September 22, 2017—the day after Defendant's reply was due.[2] Plaintiff's failure to file a timely opposition to Defendant's motion to dismiss is further evidence of her lack of diligence in pursuing this litigation and, by itself, could support dismissal of her Complaint *without* prejudice.  *See Macleod v. U.S. Dep't Homeland Security*, No. 15-cv-1792-KBJ, 2017 WL 4220398, at *5 (D.D.C. Sep. 21, 2017) (citing *Jordan v. Ormond*, No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. Jul. 22, 2016); and *Cohen v. Bd. of Trustees of the Univ. of D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016)).  Plaintiff's failure to establish some basis for equitably tolling the limitations period applicable to her Title VII claim, by contrast, requires dismissal of her Complaint *with* prejudice.  *Dyson*, 710 F.3d at 416 (affirming dismissal with prejudice of late-filed Title VII claim, where plaintiff failed to establish factual basis for equitable tolling of limitations period).

For the foregoing reasons, Defendant requests that the Court dismiss this case with prejudice and order any further relief that the Court deems proper and just.

Date:  September 28, 2017

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

  /s/ Christopher E. Humber
Christopher E. Humber, DC Bar No. 462447
Ebony Reid Douglas, *Pro Hac Vice*
1909 K Street, N.W., Suite 1000
Washington, D. C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
chris.humber@ogletree.com
ebony.reid@ogletree.com

---

[2] Plaintiff has provided a certified mail receipt indicating that she mailed a copy of her opposition to defense counsel on September 16, 2017.  (Doc. 21, p.3).  This mailing was delivered to defense counsel's offices on September 27, 2017, and defense counsel are in the process of investigating the cause of the delay.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this September 28, 2017, I caused a true and correct copy of the foregoing to be filed via the Clerk of the Court using the electronic filing system, and to be served on Plaintiff Rayonna Miller by U.S. Mail, First Class, as follows:

>Rayonna Miller, pro se
>4409 F Street, S.E.
>Washington, DC 20019

              */s/ Christopher E. Humber*

29655009.1