UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| RAYONNA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17–389 (RBW) |
| | ) | |
| DOWNTOWN BID SERVICES CORPORATION,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The pro se plaintiff, Rayonna Miller, brings this civil action against the defendant, Downtown BID Services Corporation, alleging that the defendant retaliated against her for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to -17 (2012). See Complaint ("Compl."); Letter from Rayonna Miller to the Court (July 5, 2017).[2] Currently before the Court is the defendant's motion to dismiss the plaintiff's Complaint for failure to state a claim pursuant

---

[1] The plaintiff identifies the defendant as "Downtown D[.]C[.] Business Improvement District" in the caption of her complaint, see Complaint at 1, but the defendant asserts, and the plaintiff does not dispute, that its correct name is Downtown BID Services Corporation, see Notice of Removal at 1.

[2] The plaintiff's Complaint does not cite Title VII or any other statute as the legal basis for her claim, nor do the documents she filed in response to the Court's Order that she "file an Amended Complaint that clearly identifies the statutory and any other basis for her claim against the defendant." Order at 1 (Apr. 3, 2017), ECF No. 10; Letter from Rayonna Miller to the Court (July 5, 2017) (attaching with her letter, inter alia, her account of the events leading up to her termination, an e-mail from her supervisor terminating her, and an excerpt from an administrative decision that appears to relate to her entitlement to unemployment compensation benefits). Nevertheless, the Court construes the plaintiff's allegations as pursued under Title VII "[b]ecause the plaintiff's . . . retaliation . . . claim[] aris[ing] out of employment discrimination allegedly stemming from h[er] filing of [an] EEO[C] complaint[] against [the defendant] . . . is only actionable under Title VII." See Myvett v. Williams, 638 F. Supp. 2d 59, 70 (D.D.C. 2009) (internal citation omitted) (first citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976), then citing Ethnic Emps. of Library of Cong. v. Boorstin, 751 F.2d 1405, 1415 (D.C. Cir. 1985)); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) ("A pro se complaint, such as [the plaintiff's], 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).

to Federal Rule of Civil Procedure 12(b)(6).  See Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with Prejudice ("Def.'s Mot.").  Upon careful consideration of the parties' submissions,[3] the Court concludes that it must grant the defendant's motion and dismiss this case with prejudice.

## I.     BACKGROUND

The plaintiff, a former employee of the defendant, alleges that on September 13, 2016, her employment was "wrongfully terminated" in "retaliat[ion] [ ] for . . . filing [a] complaint [with the EEOC] for sexual harassment."  Compl. at 1.[4]  Following her termination, the plaintiff filed a complaint with the EEOC alleging a charge of employment discrimination on the basis of retaliation in violation of Title VII of the Civil Rights Act.  See Def.'s Mem., Exhibit ("Ex.") A (EEOC Notice of Charge of Discrimination) at 1.[5]  On October 7, 2016, following an investigation into her complaint, the EEOC mailed to the plaintiff a "Dismissal and Notice of Rights," notifying her that it was "unable to conclude that the information obtained establishes violations of the statutes" and that she "may file a lawsuit against the [defendant] . . . based on [her] charge in federal or state court . . . **WITHIN [NINETY] DAYS** of [her] receipt of this

---

[3] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendant's Notice of Removal; (2) the Memorandum in Support of Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with Prejudice as Untimely ("Def.'s Mem."); (3) the plaintiff's Response to Defendant's Motion to Dismiss with Prejudice ("Pl.'s Resp."); (4) the defendant's Notice That Plaintiff Has Not Opposed Defendant's Motion to Dismiss ("Def.'s Notice"); (5) the plaintiff's notice regarding her opposition, ECF No. 21 ("Pl.'s Notice"); and (6) Defendant Downtown BID Services Corporation's Supplemental Reply in Support of Its Motion to Dismiss Plaintiff's Complaint with Prejudice ("Def.'s Reply").

[4] The parties do not provide any further details regarding the nature of the plaintiff's employment with the defendant, the basis of her sexual harassment claim, or the outcome of that claim.

[5] The Court may consider the EEOC Notice of Charge of Discrimination and the Dismissal and Notice of Rights attached to the defendant's motion to dismiss without converting the defendant's motion into a motion for summary judgment because both documents are "public document[s] of which a court may take judicial notice."  See Ndonji v. InterPark Inc., 768 F. Supp. 2d 263, 272 (D.D.C. 2011) (alteration in original) (internal quotation marks omitted); Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that under the applicable legal standard we may consider the EEOC charge and . . . the right to sue letter . . . as information which is a matter of public record[] without converting this motion to one for summary judgment.").

**notice**." Id., Ex. A (Dismissal and Notice of Rights ("Right-to-sue Notice")) at 2. On January 31, 2017, the plaintiff filed this civil action in the Superior Court of the District of Columbia (the "Superior Court"). See Compl. at 1. In her Complaint, the plaintiff acknowledged that she "received a letter for the right to sue from the EEOC [illegible] in October 2016," and although she was "not sure of the actual[] date" when she received the letter, she "believe[d] this month (January 2017) would be the end of [her] [ninety] days [to sue]." Id. The defendant removed the case to this Court on March 3, 2017. See Notice of Removal at 1.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although the Court "must treat the complaint's factual allegations as true [and] must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged," Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (first alteration in original) (citation omitted), legal allegations devoid of factual support are not entitled to this assumption, see, e.g., Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." Hinson ex rel. N.H. v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (quoting Twombly, 550 U.S. at 555). "In determining whether a

3

complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (citation omitted). And although filings by a pro se litigant "must be held to less stringent standards than [those] drafted by lawyers," Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009), this latitude "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure," Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) (citation omitted).

### III. ANALYSIS

The defendant moves to dismiss the Complaint with prejudice on the ground that the plaintiff's retaliation claim "is time-barred because she failed to file her Complaint within [ninety] days after receiving her [Right-to-sue Notice] from the EEOC." Def.'s Mem. at 3. Specifically, the defendant argues that "if [the plaintiff] received the [Right-to-sue Notice] within five days after it was mailed, the filing deadline was January 10, 2017, and her Complaint was exactly [twenty-one] days late." Id. at 5.[6] The plaintiff responds that the Court should deny the defendant's motion in light of several circumstances, including that she was: (1) "under the impression that [she] had [ninety] business days instead of [ninety] calendar day[s] to file [her] claim"; (2) "unable to . . . [retain] an attorney who would represent [her] in this matter"; and (3) experiencing various other circumstances that made her "[un]able to give 100 percent towards [this] court case," including that her termination had "caused a major setback" and "put her at a

---

[6] The defendant has also requested that its motion "be treated as unopposed" in light of the plaintiff's failure to timely file a response. See Def.'s Notice at 1. Although the plaintiff's response was not received by the Clerk of the Court until September 15, 2017, see Pl.'s Resp. at 1, one day after the deadline ordered by the Court, see Min. Order (Sept. 6, 2017), and was not mailed to the defendant until September 16, 2017, see Pl.'s Notice at 3, in light of the Court's conclusion that the defendant's motion to dismiss must be granted notwithstanding the arguments raised in the plaintiff's response, the Court declines the defendant's request to treat its motion as unopposed.

4

disadvantage" "physically[,] mentally[,] and emotionally"; she "was mentally frustrated and worried about how [she] was going to be able to obtain an income"; and she was hindered by a "time consuming" "travel commute," the need to "obtain childcare," and other issues. Pl.'s Resp. at 1.[7]

A Title VII claimant has ninety days from the receipt of an EEOC right-to-sue notice or a notice of final agency action to file a civil action. See 42 U.S.C. § 2000e-5(f)(1). "[C]ourts have strictly construed the [ninety]-day statute of limitations in Title VII cases, even where the plaintiff is proceeding pro se," Ruiz v. Vilsack, 763 F. Supp. 2d 168, 173 (D.D.C. 2011), and the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for [the] particular litigant[]," Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam)). Thus, courts "will dismiss a suit for missing the deadline by even one day," Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (citing Smith v. Dalton, 971 F. Supp. 1, 2–3 (D.D.C. 1997)). Here, because the plaintiff failed to plead the precise date on which she received the Right-to-sue Notice, see Compl. at 1 (only alleging that she received the notice in October 2016), the Court "'must fix a presumptive date of receipt for purposes of determining whether [the p]laintiff complied with the ninety day filing requirement,'" Ruiz, 763 F. Supp. 2d at 171 (quoting Anderson v. Local 201 Reinforcing Rodmen, 886 F. Supp. 94, 97 (D.D.C. 1995)). "Courts generally assume that the final EEOC decision was mailed on the same day that it was issued . . . , and that the plaintiff received the decision either three or five days after it was mailed." Id. (citing, inter alia, Baldwin Cty., 446 U.S. at 148 n.1); see also McGary v. Hessler-Radelet, 156 F. Supp. 3d 28, 34 (D.D.C.

---

[7] Because the plaintiff did not insert page numbers on her response, the page numbers cited by the Court when referencing the plaintiff's response are the automatically-generated page numbers assigned by the Court's ECF system.

5

2016) (observing that "it is reasonable to presume that a recipient residing in the United States received [an EEOC] notice within three to five days of when it was sent"). Applying the most generous presumption, the Court will assume that the plaintiff received the Right-to-sue Notice on October 12, 2016, five days after it was issued. See Def.'s Mem., Ex. A (Dismissal and Notice of Rights) at 2. Consequently, the plaintiff was required to file this civil action no later than ninety days thereafter, by January 10, 2017. Because the plaintiff did not file her Complaint in the Superior Court until January 31, 2017, see Compl. at 1, she failed to comply with the statutory filing deadline.[8]

Although the ninety-day filing requirement is applied "strictly," Ruiz, 763 F. Supp. 2d at 173, it "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Courts apply equitable tolling "sparingly," however, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and "only in extraordinary and carefully circumscribed instances," Dyson v. District of Columbia, 710 F.3d 415, 421 (D.C. Cir. 2013) (quoting Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998)). A plaintiff "is entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Dyson, 710 F.3d at 421 (alterations in original) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). The plaintiff's burden is "weighty," id., and as the Supreme Court has made clear, is not satisfied by "'a garden variety claim of excusable neglect' or a 'simple

---

[8] Even if the Court assumes that the plaintiff did not receive the Right-to-sue Notice until the last day of the month on October 31, 2016, the plaintiff would have filed this case one day after the 90-day period elapsed, on January 30, 2017.

miscalculation,'" Menominee Indian Tribe of Wis. v. United States, 764 F.3d 51, 58 (D.C. Cir. 2014) (quoting Holland, 560 U.S. at 651).

To the extent that the plaintiff argues she is entitled to equitable tolling, she has failed to satisfy her burden. First, she has not shown that she diligently pursued her rights. Although she alleges that during the statutory period she was "look[ing] for a lawyer to represent [her] in th[is] case," Compl. at 1, a plaintiff must do more to show that she "actively pursued h[er] judicial remedies," such as showing that she "fil[ed] a defective pleading during the statutory period," Irwin, 498 U.S. at 96; see also Williams v. Court Servs. & Offender Supervision Agency for D.C., 840 F. Supp. 2d 192, 197 (D.D.C. 2012) (finding that the pro se plaintiff "diligently pursued his claim" by "refil[ing] his complaint within three or four days of receiving notice" that his in forma pauperis motion had been denied after he "contact[ed]—on his own accord—the Clerk's Office to check on the status of his motion"); Turner v. Shinseki, 824 F. Supp. 2d 99, 108, 111 (D.D.C. 2011) (Walton, J.) (equitably tolling the limitations period where the pro se plaintiff timely filed a complaint that was deemed "deficient due to the plaintiff's failure to properly name all parties in the caption, properly sign the Complaint, submit the requisite number of copies, and use the correct civil cover sheet," and re-filed the corrected complaint after the limitations period expired); Butler v. Schapiro, 839 F. Supp. 2d 252, 255–56 (D.D.C. 2012) (equitable tolling invoked where the plaintiff's "attorney's paralegal attempted to file th[e] complaint on time, and it was accidentally delivered to a different government office," but "[u]pon discovery of this mistake, [her] attorney promptly filed the complaint with the correct office the next day"). Here, the plaintiff failed to make any attempt to preserve her rights within the limitations period, despite admittedly being aware of the ninety-day filing requirement. See Compl. at 1 ("I believe . . . []January 2017[] would be the end of my [ninety] days."). Even

absent this admission, the Right-to-sue Notice gave her "clear notice of her responsibilities." Dyson, 710 F.3d at 421; see Def.'s Mem., Ex. A (Dismissal and Notice of Rights) at 2 ("Your lawsuit **must be filed <u>WITHIN [NINETY] DAYS</u> of your receipt of this notice**; or your right to sue on this charge will be lost.").

The plaintiff's lack of diligence is not excused by her contention that she "was under the impression that [she] had [ninety] business days instead of [ninety] calendar day[s] to file [her] claim." Pl.'s Resp. at 1. The Court agrees with the defendant that this contention is undermined by the plaintiff's representation in her Complaint that she "believe[d] that . . . []January 2017[] would be the end of [her] [ninety] days" to file this civil action, Compl. at 1; see Def.'s Reply at 3, because the statute of limitations period would not have expired until February 10, 2017, at the earliest, if it were measured in business days, see Def.'s Resp. at 3. In any event, this Circuit has rejected the position that miscalculating a filing deadline is a sufficient ground for equitable tolling, see, e.g., Menominee Indian Tribe, 764 F.3d at 58 (rejecting the plaintiff's explanation that it mistakenly believed it was entitled to class-action tolling of the applicable statute of limitations), and more specifically, courts have declined to invoke equitable tolling due to the plaintiff's miscalculation of a deadline based on a mistaken belief that the limitations period should be measured in business days instead of calendar days, see Swain v. N.Y. Life Ins. Co., No. 92-15124, 979 F.2d 856, 1992 WL 337733, at *1 (9th Cir. Nov. 18, 1992) (rejecting argument in part because the Federal Rules of Civil Procedure generally do not exclude non-business days for the purposes of computing time (citing Fed. R. Civ. P. 6(a))); Williams v. Kaztronix, No. 13-cv-652 (ES), 2014 WL 1272141, at *4 (D.N.J. Mar. 26, 2014) (declining to invoke equitable tolling in part because "[t]o the extent that [the p]laintiff may have been unclear as to how the ninety-day filing period is calculated, her uncertainty was not the result of the

EEOC's, this Court's[,] or [the d]efendants' actions or representations"); Manley v. N.Y.C. Police Dep't, No. 05-cv-579 (FBLB), 2005 WL 2664220, at *4 (E.D.N.Y. Oct. 19, 2005) (concluding that "diligence required [the plaintiff] to seek clarification from the EEOC or another source [regarding how to calculate the ninety-day period], or to err on the side of caution by assuming that the right-to-sue letter's reference to '[ninety] days' did not refer to [ninety] business days").

Second, none of the circumstances that the plaintiff identifies in her response rises to the level of an "extraordinary circumstance [that] stood in [her] way and prevented timely filing." See Dyson, 710 F.3d at 421 (second alteration in original). Her inability to retain an attorney is not an extraordinary circumstance, as she could have at any time filed this action pro se, which she ultimately did. See Charles v. Brennan, 174 F. Supp. 3d 97, 103–04 (D.D.C. 2016) (rejecting the plaintiff's argument that the defendant's interference in his hiring of an attorney qualified as an extraordinary circumstance because the plaintiff "utterly fail[ed] to allege how the [defendant's] actions impeded the filing of either a pro se complaint or a complaint prepared by a different attorney within the [ninety]-day time period"); see also Martin v. Piedmont Airlines, 916 F. Supp. 2d 11, 14 (D.D.C. 2013) (declining to invoke equitable tolling where the pro se litigant "attribute[d] his delay to his inability to obtain legal advice . . . or to retain legal counsel"); United States v. Lawson, 608 F. Supp. 2d 58, 62 (D.D.C. 2009) (concluding that "a failure to meet [a] statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations"). As to the plaintiff's claims that she was "[un]able to give 100 percent towards [this] court case" because she was "mentally frustrated," "worried," and "at a disadvantage" "physically[,] mentally[,] and emotionally" as a result of her termination and other circumstances, see Pl.'s Resp. at 1, "[i]t is not sufficient to show that a

9

plaintiff was 'preoccupied, depressed, [or] obsessed with the events' [s]he was experiencing," Miller v. Rosenker, 578 F. Supp. 2d 67, 72 (D.D.C. 2008) (quoting Gupta v. Northrop Grumman Corp., 462 F. Supp. 2d 56, 60 (D.D.C. 2006)). Although it may be appropriate to invoke equitable tolling upon a showing that the plaintiff was non compos mentis, i.e., "completely incapable of handling h[er] affairs and legal rights" due to disability or mental illness, id. at 72, here, the plaintiff has failed to allege facts showing that she suffered from such a condition. Indeed, since receiving her Right-to-Sue notice, the plaintiff acknowledges her ability to pursue her personal affairs by alleging, inter alia, that she "actively s[ought] [ ] an attorney who c[ould] assist [her] in this case" and "a new source of income." Pl.'s Resp. at 1; see Charles, 174 F. Supp. 3d at 103 (concluding that the plaintiff's "conclusory statement" that "his depression rendered him incapable of handling his affairs" was insufficient and undermined by his admission that "he was capable enough to meet with an attorney . . . before the expiration of the [ninety] days" (emphasis removed) (internal citation omitted)).

In sum, the plaintiff has failed to demonstrate that this case is one of the "extraordinary and carefully circumscribed instances" in which it is appropriate to equitably toll the statutory period. See Dyson, 710 F.3d at 421 (quoting Smith-Haynie, 155 F.3d at 580). Accordingly, the Court agrees with the defendant that the plaintiff's retaliation claim is time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must dismiss with prejudice the plaintiff's Complaint because she failed to file her Complaint within the ninety-day statute of limitations period applicable to Title VII claims, and there exist no circumstances to support

equitably tolling the statute of limitations.[9] Therefore, the defendant's motion to dismiss is granted.[10]

REGGIE B. WALTON
United States District Judge

---

[9] The Court's dismissal is with prejudice pursuant to Rule 41(b), which provides that "[u]nless [a] dismissal order states otherwise, [an involuntary dismissal]—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As this Circuit noted, "the Supreme Court [has] concluded that an 'adjudication upon the merits' under Rule 41(b) is synonymous with a dismissal with prejudice[.]" Havens v. Mabus, 759 F.3d 91, 98 (D.C. Cir. 2014) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001)). "[D]ismissals of a complaint for failure to state a claim [under Rule 12(b)(6)]," like the Court's dismissal here, "are, by default, adjudications on the merits and with prejudice." See Perry v. Int'l Brotherhood of Teamsters, 247 F. Supp. 3d 1, 9 (D.D.C. 2017). Therefore, because the plaintiff's failure to file her complaint within Title VII's statute of limitations period is not a jurisdictional defect, see Zipes, 455 U.S. at 393, and none of the other exceptions set forth in Rule 41(b) applies, this Court's dismissal is with prejudice. Although this Circuit has instructed that "dismissal with prejudice is warranted only when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,'" Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985)), that standard is satisfied here because it is clear that the plaintiff filed her Complaint after the limitations period expired and it does not appear to the Court that the plaintiff could allege any additional facts consistent with her pleadings that would warrant equitable tolling.

[10] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.